## DE FOE et al. v. NATIONAL CAPITAL BANK OF WASHINGTON.

### No. 1225.

Municipal Court of Appeals for the District of Columbia.

Argued June 30, 1952.

Decided July 25, 1952.

Rehearing Denied Aug. 11, 1952.

Geraldine V. DeFoe and Eva P. DeFoe, pro se.

Lewis Jacobs, Washington, D. C., with whom Dexter M. Kohn, Washington, D. C., was on the brief, for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

PER CURIAM.

Appellants moved in the trial court to vacate a judgment which had been entered against them in a proceeding in which they had not been served with process but in which had been filed a praecipe signed by them and purporting to be a consent to entry of judgment. Their motion was denied on January 16, 1952. On January 21 they filed a motion for a rehearing of the motion to vacate. This motion was denied on February 1. On February 4 they filed a motion to reconsider the denial to grant a rehearing of the motion to vacate. This motion was denied on February 18 and on February 28 they filed notice of appeal.

The case has been argued before us on the merits and on appellee's motion to dismiss the appeal. We must first consider the motion to dismiss.

The notice of appeal expressly states that the appeal is from the order of February 18 which is the order denying the motion to reconsider the order denying a rehearing. Appellee argues that such an order is nonappealable and we agree,[1] but we

1. Gersing v. Chafitz, 77 U.S.App.D.C. 38, 133 F.2d 384.

think the appeal may be considered as taken from the order of January 16 denying the motion to vacate. Appellee also argues that the order of January 16 was not appealable and that the appeal should have been taken from the judgment and not from the order denying the motion to vacate the judgment. With this we do not agree. In view of the fact that appellants had not been served with process and prior to judgment had not appeared in court either personally or through an attorney, the motion to vacate may be considered an independent proceeding attacking the jurisdiction of the court to enter the judgment. Under this view the order denying the motion to vacate was a final and appealable order.[2]

The real question is whether the motion to reconsider the denial of the rehearing extended the time for taking an appeal. This court has express authority to "regulate all matters relating to appeals,"[3] and pursuant to that authority our Rule 27(a) provides that notice of appeal in civil cases shall be filed within ten days from date of entry of the judgment or order appealed from. In accordance with the generally prevailing practice,[4] our Rule 27(d) provides that when a motion has been seasonably filed for a new trial, or for judgment notwithstanding the verdict, or to vacate or modify the order, finding, or judgment, the time for appeal shall not begin to run until disposition of such motion.

■ It will be noted that our rule makes no provision for extension of time for appeal by the filing of a motion to reconsider action taken on a previously filed and decided motion. The reason is obvious. A party should not be allowed to indefinitely extend the time for appeal by the filing of successive motions.

In the very recent case of Randolph v. Randolph, D.C.Cir., —— F.2d —— (decided July 17, 1952), the court said:

"But we rule that the motion of June 11 did not so terminate the running of the time for appeal, because it was not one of the motions enumerated in Rule 73(a) as having the effect of terminating the running of the time for appeal. * * * A similar conclusion is reached in Marten v. Hess, 6 Cir., 1949, 176 F.2d 834, where the court said: 'A motion for rehearing of a motion to set aside verdict and judgment, and a motion for rehearing of a motion for a new trial are not motions that extend the time for appealing or affect the finality of the judgment under Rule 73.'"

■ The foregoing authority is decisive of the question here. When the trial court denied the motion for rehearing of the motion to vacate judgment, the time for appeal commenced to run, and the filing of a motion to reconsider did not stop the running of the time. Accordingly, notice of appeal was filed too late and the appeal must be dismissed.

Appeal dismissed.

---

2. Consolidated Radio Artists v. Washington Section, etc., 70 App.D.C. 262, 105 F.2d 785.

3. Code 1940, Supp. VII, 11–772(b).

4. Burke v. Canfield, 72 App.D.C. 127, 111 F.2d 526. Cf. Fed.R.Civ.P. 73(a).