James F. JACKSON, Appellant,

v.

UNITED STATES of America, Appellee.

No. 1729.

Municipal Court of Appeals for the District of Columbia.

Submitted Dec. 19, 1955.

Decided Jan. 6, 1956.

Maurine H. Abernathy, Washington, D. C., for appellant.

Leo A. Rover, U. S. Atty., Lewis Carroll, Forbes W. Blair, and Richard J. Snider, Asst. U. S. Attys., for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

CAYTON, Chief Judge.

After trial, conviction, and sentence on a charge of assault, James F. Jackson, defendant below, filed a motion on September 14, 1955, in the trial court to vacate and set aside his sentence. After a hearing the motion was denied, but the trial judge ordered the clerk to treat the motion as a notice of appeal filed September 14, 1955. The case is now here for review.

While appellant has submitted the case to us on the merits we must first consider the government's contention that the appeal was filed too late. The record indicates and defendant in his brief stipulates that this appeal is from the original judgment and sentence entered August 25,

1955, and not from the denial of the motion of September 14. That being so, it is clear that the appeal was not noted within the ten-day period provided by our rule 27(b), which has many times been declared jurisdictional. See Slaughter v. District of Columbia, D.C.Mun.App., 58 A.2d 309; Beach v. District of Columbia, D.C.Mun. App., 44 A.2d 926. Spencer D. Gardner v. Saul Co., Inc., 1955, D.C.Mun.App., 118 A. 2d 802. Neither this court nor the trial court has power to extend the time for filing notice of appeal.[1] It seems plain that the action of the trial judge in directing the clerk to treat the motion as a notice of appeal was not intended to enlarge the jurisdictional appeal period, but at most to give defendant the benefit of any *existing* rights he had by ignoring a merely technical or formal insufficiency. But his right of appeal having already been lost, the belated motion availed him nothing. See the very recent opinion in Morton v. United States, U.S.App.D.C., 1955, 229 F.2d 793. We have no alternative except to dismiss this appeal.

The substantive questions, which we do not reach, are whether there was a clear waiver of trial by jury, and whether defendant's arrest was tainted by illegality. As to these questions, we merely note that the record discloses no error on either point, and that we cannot indulge the presumption that the trial court denied any of his constitutional rights to this or any other defendant.

We take occasion to commend Mrs. Maurine H. Abernathy of the District of Columbia Bar Association legal aid staff, whom we appointed to represent appellant in this court. Her brief was carefully and thoughtfully prepared, and left nothing unsaid which could have been said in behalf of appellant. This kind of competent volunteer service to litigants who are without funds reflects credit not only on the Bar Association but on the legal profession generally. It also serves to give the general public greater confidence in the administration of justice.

Appeal dismissed.

---

1. Slaughter v. District of Columbia, supra; Jones v. Costa, D.C.Mun.App., 94 A.2d 651.