**901 CORPORATION, t/a Felser-Scotts, Appellant,**

v.

**A. SANDLER CO., Appellee.**

**No. 4563.**

District of Columbia Court of Appeals.

Argued April 14, 1969.

Decided June 16, 1969.

Ira C. Wolpert, Washington, D. C., with whom Nelson Deckelbaum, Washington, D. C., was on the brief, for appellant.

Gerald Kadish, Washington, D. C., with whom John A. Knebel, Washington, D. C., was on the brief, for appellee.

Before FICKLING, KERN and GALLAGHER, Associate Judges.

FICKLING, Associate Judge:

On August 7, 1967, default judgment was entered against appellant in a suit instituted by appellee. Appellant moved to vacate the default judgment on September 26, 1967, under GS Rule 60(b) (4), alleging improper service of process. After a hearing the motion was denied on October 3, 1967.

On October 4, 1967,[1] appellant filed a motion for reconsideration of its motion to vacate the default judgment. After a hearing this motion was denied on October 23, 1967. Apparently, appellant then orally asked the court to consider its motion for reconsideration as being a motion to vacate the judgment under GS Rule 60(b) (1) in that it had failed to answer the complaint because of excusable neglect. No proffer of evidence was made to support this request. The court held that there was no basis for a finding of excusable neglect. On October 30, 1967, appellant filed notice of appeal from the order denying the motion for reconsideration of October 23, 1967.

 Before we can consider this appeal on its merits, we must first determine whether we have jurisdiction. Appellant's appeal is from the court's order denying its motion for reconsideration of its previously denied motion. It is well settled that such an order is not appealable.[2]

 It is also well settled that a motion for reconsideration does not extend the time for taking an appeal.[3] Thus, we cannot consider this appeal as being from the order of October 3 denying appellant's motion to vacate the default judgment since the notice of appeal was filed beyond the ten day limit provided by our Rule 27(a).

Nor is appellant helped by considering its motion for reconsideration as also including a motion to vacate the default judgment under GS Rule 60(b) (1). The record is devoid of any showing in support of such a motion, and the mere allegation that there was excusable neglect in failing to answer the complaint would not warrant vacating the judgment.[4]

Appeal dismissed.

---

1. The parties, in their briefs, state that appellant's motion for reconsideration was filed on October 11, 1967. However, the docket entry shows that it was filed on October 4, 1967.

2. De Levay v. Marvins Credit, Inc., D.C. Mun.App., 127 A.2d 554 (1956); DeFoe v. National Capital Bank of Washington, D.C.Mun.App., 90 A.2d 242 (1952).

3. Our Rule 27(d) does not provide that a motion for reconsideration extends the time in which an appeal must be noted. See De Levay, supra n. 2; Green v. District of Columbia, D.C.Mun.App., 120 A.2d 585 (1956); DeFoe, supra n. 2.

4. Parker v. Hollywood Credit Clothing Co., D.C.Mun.App., 125 A.2d 49 (1956).