**Johnnie Lee COLEMAN, Appellant,**

v.

**LEE WASHINGTON HAULING CO., Appellee.**

**No. 12438.**

District of Columbia Court of Appeals.

June 2, 1978.

Patrick J. Attridge, Rockville, Md., was on the motion for appellee.

Dorsey Evans and David R. Taxin, Washington, D. C., were on the opposition to motion to dismiss for appellant.

Before NEBEKER, YEAGLEY and FERREN, Associate Judges, in chambers.

NEBEKER, Associate Judge:

Appellee (Lee) has filed a motion to dismiss the appeal of Coleman from an order of the Superior Court for lack of compliance with . D.C.App.R. 4 II(a) (time for filing notice of appeal). We deny the motion and hold the notice of appeal to have been timely filed.

Upon Lee's motion in the trial court, Coleman's complaint was dismissed on May 10, 1977, for failure to comply with a court order of discovery. Super.Ct.Civ.R. 37(b), 41(b). On May 12, 1977, Coleman filed in the trial court a "Motion for Reconsideration of Order of Dismissal" in which the trial court was requested to "reinstate" the complaint. This motion was denied by an order entered on May 24, 1977. On June 22, 1977, Coleman, pro se, filed a notice of

---

appeal, designating the order of May 24 as the order from which the appeal was noted.

Our Rule 4 II(a)(1) requires that an appeal in a civil case be noted within thirty days of entry of the judgment or order from which the appeal is taken. In *901 Corporation v. A. Sandler Co.,* D.C.App., 254 A.2d 411, 412 (1969), we held that the denial of a motion for reconsideration of a final order is not an appealable order. *See also De Levay v. Marvins Credit, Inc.,* D.C.Mun. App., 127 A.2d 554 (1956). Application of that rule to this case requires us to view the instant appeal as taken from the order of May 10, 1977, not the order of May 24, 1977.[1] Unless, therefore, the running of the time specified in Rule 4 II(a)(1) was extended by Coleman's filing of the motion for reconsideration, the appeal noted was untimely.

Our Rule 4 II(a)(2) provides that:

The running of the time for filing a notice of appeal is terminated as to all parties by the timely filing pursuant to the rules of the Superior Court of the following motions in said court and the full time for appeal fixed by this subdivision [a] commences to run and is to be computed from the entry in the civil docket of an order with respect to such motion:

[1] a motion for judgment notwithstanding the verdict;

[2] a motion to amend or make additional findings of fact, whether or not an alteration of the judgment would be required if the motion is granted;

[3] a motion to vacate, alter or amend the order or judgment;

[4] a motion for new trial; and

[5] any motion seeking relief in the nature of the foregoing.

In *901 Corporation v. A. Sandler Co., supra,* we also held that, under the provisions of our former Rule 27(d), a motion for reconsideration of a final order did not extend the time for filing a notice of appeal. Former Rule 27(d) provided, in relevant part, that:

When a motion has been seasonably filed for a new trial, or for judgment notwithstanding the verdict, or to vacate or modify the order, finding, or judgment, the times specified . . . shall not begin to run until disposition of such motion.

The only material respect in which former Rule 27(d) differs from our present rule is the addition of the phrase in the present rule, "any motion seeking relief in the nature of the foregoing." The issue before this court, therefore, is whether the addition of that language overrules *901 Corporation* so as to permit an extension of time for noting an appeal upon the filing of a motion for reconsideration.

Each of the motions specified in our present rule may be filed pursuant to a Superior Court rule if filed within ten days. The first, a motion for judgment notwithstanding the verdict, is provided for by Super.Ct.Civ.R. 50(b). The second, a motion to amend findings or make additional findings, is provided for by Super.Ct.Civ.R. 52(b) in cases in which the court makes findings. A motion for a new trial is permitted under Super.Ct.Civ.R. 59(a), and a motion to alter or amend a judgment is permitted under subsection (e) of that rule.[2]

---

1. Although the notice of appeal designated the order of May 24 rather than the order of May 10 as the order from which appeal was taken, the designation is not dispositive of our jurisdiction. Our Form 1, containing a designation, is merely "a suggested form of a Notice of Appeal," D.C.App.R. 4 I(a) and no rule requires designation. *Compare* Fed.R.App.Proc. 3(c) *with Foman v. Davis,* 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962) and *State Farm Mut. Auto Ins. Co. v. Palmer,* 350 U.S. 944, 76 S.Ct. 321, 100 L.Ed. 823 (1956), *reversing* 225 F.2d 876 (9th Cir. 1955).

2. This last motion differs from that specified under our rule in two respects. First, the Superior Court rules do not, as does our rule, specify a motion to vacate. Vacation, however, is the necessary remedy in any case in which a motion under the above cited rules is granted. Judgment is normally entered without delay upon a jury verdict or court decision. Super.Ct.Civ.R. 58. Upon the grant, therefore, of a Rule 59 motion, for example, the judgment entered upon the verdict or decision must of necessity be vacated in whole (as where a new trial is granted or where an amendment or alteration is complete) or in part (as where an

Thus it is apparent that a motion in the nature of a motion permitted under any of the above Superior Court rules is also "in the nature of" the motions specifically listed in our Rule 4 II(a)(2). And a motion in the nature of a motion permitted under a Superior Court rule is also permitted under that rule, for the nature of a motion is determined by the relief sought, not by its label or caption. *Graves v. Nationwide Mut. Ins. Co.*, D.C.Mun.App., 151 A.2d 258 (1959); *Roumel v. Stradley*, D.C.Mun.App., 119 A.2d 111, 112 (1955); *Cohen v. Holmes*, D.C.Mun.App., 106 A.2d 147 (1954).

The nature of a motion for reconsideration is not merely a request that the court reconsider its prior action, for such reconsideration, of itself, affords no relief. Rather, the motion necessarily requests that the court, upon reconsideration, grant relief from certain adverse consequences of the original judgment or final order. Such relief must necessarily involve a change in the facts found, the law applied, or both. Relief from facts found may be granted in cases tried by a jury under Rule 50(b) (where the evidence was insufficient to support the jury verdict) or under Rule 59(a) (where, for example, the jury verdict is against the weight of the evidence); and in cases tried without a jury such relief may be granted under Rule 52(b) (where the evidence was insufficient to support a finding by the court) or Rule 59(a) (where a finding of the court is against the weight of the evidence).[3] Relief from an improper application of the law to facts found may be granted under Rule 59(a) (where, for example, the facts necessarily found by the jury are not in dispute but the jury was improperly instructed, or where a legal conclusion of the court in a non-jury case is erroneous) or under Rule 59(e).[4] Thus, a motion for reconsideration of a judgment or appealable order is, because of the relief impliedly or explicitly requested, in the nature of one or more of the motions specifically enumerated in our Rule 4 II(a)(2) and permitted by Superior Court rule.

Because a motion for reconsideration meets the requirements of our Rule 4 II(a)(2), we hold that our opinion in *901 Corporation* must be limited to its facts, the most important of which was the absence in our former Rule 27(d) of a provision for "a motion in the nature of" one of the enumerated motions.[5]

3. Although, by its terms, Rule 59(e) would seem to permit alteration or amendment of a judgment or order because of an improper factual basis, we have held that the language now incorporated in that Rule does not permit such alteration or amendment. *Cohen v. Holmes, supra* at 148. At the time *Cohen* was decided, the Superior Court rules established different time limits within which a motion for a new trial and a motion to alter or amend might be filed. *Id.* The distinction is now unimportant, however, since under the present rules either motion may be filed within ten days. amendment or alteration is as to part of the judgment only.) The literal absence of this necessarily implied remedy for a permitted motion, therefore, is not material. Second, the motions under Rule 59 may request relief only from "judgments" whereas our rule specifies both judgments and orders. This difference, however, serves only to exclude from the operation of our rule a motion filed with respect to a non-appealable order, for the term "judgment" as used in Rule 59 includes "any order from which an appeal lies." Super.Ct.Civ.R. 54(a).

4. Although *Cohen v. Holmes, supra* note 3, held that errors of fact were not correctible by motion under Rule 59(e), it did not so hold with respect to errors of law. Were errors of law not so correctible, then Rule 59(e) would serve no purpose, for clerical errors may be corrected by motion under Rule 60(a).

5. This conclusion is consistent with our opinions in *Smith v. Canada*, D.C.App., 305 A.2d 521 (1973) and *Harris v. Harris,* D.C.App., 304 A.2d 635 (1973). In each case we held that a motion under Super.Ct.Civ.R. 60(b) ("Relief from Judgment or Order [for] Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud; etc.") does not extend the time for appeal from the judgment or order from which relief is sought. Such a motion is in the nature of an independent proceeding for relief, such as a writ of coram nobis, coram vobis or audita querela or a bill of review or a bill in the nature of a bill of review, Super.Ct. Civ.R. 60(b), and addresses matters not of record, whereas the motions under Rules 50(b), 52(b) and 59(a) and (e) must, by their terms, be filed prior to the expiration of the time for noting an appeal and be addressed to matters already of record. Errors of record in the origi-

We have held that our construction of our rules of appellate procedure is not bound by the construction by the United States Court of Appeals for the District of Columbia Circuit of its similar rules. *West v. United States,* D.C.App., 346 A.2d 504 (1975). But we are confirmed in our decision on this motion by the fact that both that court and every other federal court which has considered this question has reached the same result. *Roscoe v. Roscoe,* 126 U.S.App.D.C. 317, 379 F.2d 94 (1967); *Yates v. Behrend,* 108 U.S.App.D.C. 56, 280 F.2d 64 (1960); *Woodham v. American Cystoscope Co.,* 335 F.2d 551 (5th Cir. 1964); *Peabody Coal Co. v. Local Nos. 1734, 1508 and 1548, UMW,* 484 F.2d 78 (6th Cir. 1973); *Pacific Maritime Assoc. v. Quinn,* 465 F.2d 108 (9th Cir. 1972). *See also* 9 Moore's Federal Practice, para. 204.12[1] at 951.

We hold that a motion to reconsider a judgment or other appealable order, filed within ten days of entry of such judgment or order, terminates the running of the time for noting an appeal in accordance with our Rule 4 II(a)(2) until the motion is acted upon. The motion to reconsider in this case having been filed within ten days of entry of the order of dismissal and the notice of appeal having been filed within thirty days of entry of the denial of that motion, the notice of appeal was timely filed. The motion to dismiss this appeal is

*Denied.*

nal judgment or order are reviewable both by the trial court within ten days and upon direct appeal, but the record leading to judgment or order is relevant upon a Rule 60(b) motion only to the extent necessary to determine prejudice. Super.Ct.Civ.R. 61 ("No error . . . in anything done or omitted by the court or any of the parties is ground for [relief] unless refusal to take such action appears to the court inconsist-

ent with substantial justice."). A motion under Rule 60(b), therefore, does not request reconsideration of the judgment or order but consideration, for the first time, of additional circumstances. If, of course, a Rule 60(b) motion is filed within ten days of entry of the judgment, the motion may be considered a motion under another rule. *See* 9 Moore's Federal Practice, para. 204.12[1] at 953.