**UNITED STATES of America,
Appellant,**

v.

**Sharon WOODRUFF, Appellee.**

**No. 79–1204.**

United States Court of Appeals,
Eighth Circuit.

April 18, 1979.

Charles M. Shaw of Shaw, Howlett & Schwartz, Clayton, Mo., for appellee.

Robert D. Kingsland, U. S. Atty., and David M. Rosen, Asst. U. S. Atty., St. Louis, Mo., for appellant.

Before HEANEY, STEPHENSON and McMILLIAN, Circuit Judges.

PER CURIAM.

Defendant-appellee moves for summary dismissal of the government's appeal in conformance with local Rule 9. Appellee makes claims as follows: (1) The appeal by the government is not within the jurisdiction of the court because it was not timely filed; and (2) the appeal is frivolous and without merit because appeals by the government in situations like in the instant case are not authorized by 18 U.S.C. § 3731. We refuse to grant summary dismissal.

The pertinent facts are as follows: On December 7, 1978, defendant was found guilty by a jury of violating 26 U.S.C. § 5861(d). At the close of all the evidence defendant had moved for acquittal, and after the jury verdict the court ordered memoranda on the motion. Memoranda were submitted, and on December 29, 1978, the

court granted defendant's motion on a ground different than that briefed by the parties. On January 15, 1979, the government submitted a motion to reconsider and the court denied the motion February 9, 1979. The government filed its notice of appeal on March 9, 1979, and defendant filed her motion to dismiss.

The Supreme Court has held that timely notice for rehearing or reconsideration tolls the running of the statutory period for filing an appeal. The controlling case is *United States v. Dieter*, 429 U.S. 6, 97 S.Ct. 18, 50 L.Ed.2d 8 (1976), in which the Court reversed a holding by the Tenth Circuit that the 30-day appeal period under 18 U.S.C. § 3731 began at the time of the initial suppression order and not at the time the government's motion for rehearing was denied. In *Dieter* the Court cited *United States v. Healy*, 376 U.S. 75, 78–79, 84 S.Ct. 553, 11 L.Ed.2d 527 (1964), as recognizing "the consistent practice in civil and criminal cases alike has been to treat timely petitions for rehearing as rendering the original judgment nonfinal for purposes of appeal for as long as the petition is pending." *United States v. Dieter, supra*, 429 U.S. at 8, 97 S.Ct. at 19. The significance of the timeliness of the motion for rehearing was recently reaffirmed in *Browder v. Director, Illinois Department of Corrections*, 434 U.S. 257, 267, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978) (untimely appeal from an order denying a stay in a habeas corpus petition filed 28 days after an initial order):

> "A *timely* petition for rehearing tolls the running of the . . . period [in which an appeal must be filed] because it operates to suspend the finality of the . . . court's judgment, pending the court's further determination whether the judgment should be modified so as to alter its adjudication of the rights of the parties." *Department of Banking v. Pink*, 317 U.S. 264, 266, 63 S.Ct. 233, 234, 87 L.Ed. 254 (1942) (emphasis supplied). An untimely request for rehearing does not have the same effect.

■ The only question in the instant case is whether the motion for reconsideration, filed 17 days after the dismissal, was timely.

In *Healy* the Supreme Court indicated that to be timely a motion for rehearing should be filed within the time allowed to appeal, which is 30 days under 18 U.S.C. § 3731. In *Dieter* and *Healy* the motions for rehearing or reconsideration were filed 12 and 30 days after the dismissals, and the Supreme Court held both were timely filed. The motion for reconsideration in the instant case was filed 17 days after the dismissal and thus was timely.

■ This court has recognized the government's right of appeal in a situation similar to that in the instant case. *See United States v. Hemphill*, 544 F.2d 341 (8th Cir. 1976), *cert. denied*, 430 U.S. 967, 97 S.Ct. 1648, 52 L.Ed.2d 358 (1977). In addition, we have recently explained that consistent with the changes in local rules effective September 1, 1975, "motions to dismiss on the ground of frivolity will no longer be entertained by this court." *See King v. Space Carriers, Inc.*, 591 F.2d 63, at 64 (1979).

Defendant-appellee's motion for summary disposition pursuant to Rule 9 is denied.