In the Matter of Harry Toussaint
**ALEXANDER, Appellant.**

No. 79–699.

District of Columbia Court of Appeals.

Submitted June 20, 1980.

Decided May 27, 1981.

for reconsideration, we conclude once again that we are without jurisdiction to consider the appeal.

## I.

On May 16, 1979, the trial court held appellant in contempt of court for failure to appear on time for trial. Appellant, an attorney, was representing a defendant on a misdemeanor charge of driving while intoxicated. On the same day, the judge entered an order pursuant to Super.Ct.Cr.R. 42(a), setting forth the facts surrounding the contempt and imposing a sentence of a fine of $150 or five days in jail. On May 29, 1979, appellant filed a "Motion to Reconsider and Vacate Contempt Citation." On June 13, 1979, the judge denied the motion in a Memorandum Order. On June 20, 1979, appellant filed a notice of appeal from the contempt order of May 16. *See* D.C. Code 1973, § 11–721(a)(1); D.C.App.R. 4 II(b).

On June 4, 1980, this court dismissed the appeal for lack of jurisdiction on the ground that the appeal was not timely filed. On June 19, 1980, appellant moved to reconsider that dismissal. *See* D.C.App.R. 40(a). We now grant appellant's motion for leave to file the motion for reconsideration, time having expired, but deny the motion for reconsideration on the merits.

Harry Toussaint Alexander, Washington, D.C., pro se.

Judith W. Rogers, Corp. Counsel, Washington, D.C., with whom Richard W. Barton, Deputy Corp. Counsel, Washington, D.C., at the time the Motion was filed, and Leo N. Gorman, Asst. Corp. Counsel, Washington, D.C., were on the Motion for Summary Affirmance, for appellee.

Before KERN, MACK and FERREN, Associate Judges.

FERREN, Associate Judge:

On June 4, 1980, this court dismissed appellant's appeal of an order of criminal contempt for lack of jurisdiction due to the late filing of the notice of appeal. On motion

## II.

Appellant contends that his filing of a motion for reconsideration in the trial court tolled the period for filing the notice of appeal, and that because he filed his notice of appeal within ten days of the trial court's disposition of his motion, his notice of appeal was timely. We perceive no way in which appellant's motion to reconsider can be said to have tolled the appeal period.

The trial court's order holding appellant in criminal contempt and imposing sentence was a final, appealable order. *In re Cys,* D.C.App., 362 A.2d 726, 728–29 (1976); *West v. United States,* D.C.App., 346 A.2d 504, 505 (1975); D.C.Code 1973, § 11–

721(a)(1). Appellant noted his appeal from that order.

■ The rules of this court provide that, in general, a party must file a notice of appeal in a criminal case "within ten days after entry of the judgment or order from which the appeal is taken." D.C. App.R. 4 II(b)(1). The Clerk of the Superior Court entered the judgment of contempt in the criminal docket on May 16, 1979; accordingly, the ten days for filing a notice of appeal began to run from that date. *See* D.C.App.R. 4 II(b)(4).[1]

■ The rules also state that certain postjudgment motions—specifically, "a timely motion in arrest of judgment or for a new trial on any ground other than newly discovered evidence"—toll the appeal period. D.C.App.R. 4 II(b)(2). Appellant's motion to reconsider does not come within the express scope of this rule.

First, appellant's motion cannot be construed as a motion for arrest of judgment. *See* Super.Ct.Cr.R. 34. The court must arrest judgment only "if the indictment or information does not charge an offense or if the court was without jurisdiction of the offense charged." *Id.* Appellant made neither contention in his motion for reconsideration.

Second, appellant's motion arguably could be considered a motion for a new trial. Because summary disposition of a criminal contempt is prosecuted not upon notice of hearing but simply by order of the judge observing contemptuous conduct, *see* Super. Ct.Cr.R. 42(a), a motion for consideration would amount, in effect to a request for a "new trial." *See* Super.Ct.Cr.R. 33. Nonetheless, even if we consider appellant's motion for reconsideration as a motion for new trial, it was not timely filed. A motion for new trial must be filed "within 7 days after verdict or finding of guilty or within such further time, as the court may fix during the 7-day period." *Id.* Appellant filed his motion on May 29, 13 days after the trial court's order of contempt. Because the motion was not filed within seven days, even as a new trial motion it cannot toll the time for filing a notice, of appeal. *Cf. United States v. Stolarz,* 547 F.2d 108, 110 (9th Cir. 1976) (untimely motion for new trial under Fed.R.Crim.P. 33 does not extend time to file notice of appeal), *aff'd after remand,* 550 F.2d 488 (9th Cir.), *cert. denied,* 434 U.S. 851, 98 S.Ct. 162, 54 L.Ed.2d 119 (1977).

■ Finally, appellant contends that the filing of a motion for reconsideration tolls the period for filing a notice of appeal, even though our rules do not specifically so provide.[2] Even if we assume, contrary to

---

1. Appellant is not entitled to the additional three days provided in D.C.App.R. 4 II(b)(4) for filing a notice of appeal when a judgment or final order is entered out of the presence of the parties and counsel. An additional three days is extended only if the order is entered "without previous notice to [the parties] of the court's decision. . . ." *Id.* Here, by contrast, the trial judge stated in her Memorandum Order on appellant's motion for reconsideration that she made "a summary finding that Mr. Alexander was in direct contempt of court" in his presence.

   Nor does this case fall within the exception to D.C.App.R. 4 II(b)(4) postponing the effective date of the entry of a judgment or order "where the trial judge clearly expresses an intention that a written order condition the time for filing an appeal." *United States v. Nicks,* D.C.App., 427 A.2d 444 at 446 (1981). The trial court followed its oral finding of contempt later the same day with a written order holding

appellant in contempt and imposing sentence. The record contains no indication that the trial court considered the May 16 docket entry of the contempt order or its own written order of the same date to be anything but final.

2. This court has rejected such a contention in the context of appeals in civil cases. In *901 Corp. v. A. Sandler Co.,* D.C.App., 254 A.2d 411 (1969), this court held that in the absence of specific authority, a motion for reconsideration does not toll the time for filing an appeal. *See id.* at 412.

   The rules of this court governing civil appeals since have been amended and now provide:

   The running of the time for filing a notice of appeal is terminated as to all parties by the timely filing pursuant to the rules of the Superior Court of the following motions . . . :
   * * *
   a motion to vacate, alter or amend the order or judgment;
   * * * and

the suggestion in *United States v. Jones,* D.C.App., 423 A.2d 193, 196 n. 4 (1980), that a motion for reconsideration can toll the running of the period for filing notice of a criminal appeal, that motion would have to be timely. *See Stolarz, supra* at 109–10; *cf. Brouder v. Director, Department of Corrections,* 434 U.S. 257, 264, 98 S.Ct. 556, 560, 54 L.Ed.2d 521 (1978) (same; civil rules). The Superior Court Criminal Rules have no provision for filing a motion for reconsideration and, therefore, set no time limitation.[3] In any event, to be timely for tolling the appeal period, such a motion would have to be filed within the ten-day appeal period. *See Jones, supra* at 196 n. 4. A motion filed after the time for filing an appeal has lapsed cannot toll that period retroactively. Here, appellant's motion for reconsideration was filed 13 days after the contempt order. We therefore have no jurisdiction to consider the appeal. *Brown v. United States,* D.C.App., 379 A.2d 708, 709 (1977) (per curiam).[4] The Motion for Reconsideration is denied.

---

any motion seeking relief in the nature of the foregoing. [D.C.App. R. 4 II(a)(2).]

In *Coleman v. Lee Washington Hauling Co.,* D.C.App., 388 A.2d 44 (1978), we held that under the new rule "a motion to reconsider a judgment or other appealable order, filed within ten days of entry of such judgment or order, terminates the running of the time for noting an appeal . . . until the motion is acted upon." *Id.* at 47.

Because appellant filed the motion to reconsider this case after the ten-day appeal period had expired, we need not decide whether a motion to reconsider filed within the appeal period would toll the appeal period in a criminal case. *Accord, United States v. Jones,* D.C. App., 423 A.2d 193, 196 & n.4 (1980); *see United States v. Dieter,* 429 U.S. 6, 8 & n.3, 97 S.Ct. 18, 19 & n.3, 50 L.Ed.2d 8 (1976) (per curiam); *United States v. Jones,* 608 F.2d 386, 390 (9th Cir. 1979); *United States v. Woodruff,* 596 F.2d 798, 799 (8th Cir. 1979) (per curiam).

3. Even if the trial court, absent a rule, has inherent authority to reconsider its own action and can determine the limits of a reasonable time for filing such a motion, this ability of the trial court to grant relief from its own order or judgment has no relationship to the question of appellate jurisdiction over the order or judgment itself. For example, by way of analogy, under Super.Ct.Cr.R. 33, a motion for a new trial based on newly discovered evidence can be made within two years of judgment. This, however, does not extend the time limits for direct appeal. Although a denial of a motion for a new trial based on newly discovered evidence is an appealable order, such an appeal is not a substitute for direct appeal and can not raise issues which should have been resolved on direct appeal. *See Atkinson v. United States,* D.C.App., 366 A.2d 450, 452 (1976); *United States v. McCord,* 166 U.S.App.D.C. 1, 8–9, 509 F.2d 334, 341–42 (1974), *cert. denied,* 421 U.S. 930, 95 S.Ct. 1656, 44 L.Ed.2d 87 (1975).

4. The rules of this court allow the trial court to extend the appeal period upon a finding of excusable neglect. *See Brown, supra* at 709–10; D.C.App.R. 4 II(b)(3). Appellant's motion to reconsider did not request an extension of the appeal period and stated no facts pertinent to the delay in filing the notice of appeal. In denying the motion to reconsider, the trial court made no reference to any extension of the appeal period. We decline in effect to amend the rules of this court regarding the tolling of the appeal period, D.C.App.R. 4 II(b)(2), by holding that a motion to reconsider extends the appeal period under D.C.App.R. 4 II(b)(3) without any showing of excusable neglect in filing the notice of appeal, an express request for extension of the appeal period, or the granting of an extension by the trial court. *Compare Stolarz, supra* at 111–12 (remanded *sua sponte* for determination of possible excusable neglect in delay).

In a related vein, in limited circumstances, when a party fails to file a timely notice of appeal in reliance on a statement or action of the trial court indicating that the party has timely filed a postjudgment motion that tolls the appeal period, that motion, although in fact untimely, does stop the running of that period. *See Wolfsohn v. Hankin,* 376 U.S. 203, 84 S.Ct. 699, 11 L.Ed.2d 636 (1964) (per curiam), *reversing* 116 U.S.App.D.C. 127, 321 F.2d 393 (1963) (per curiam); *Thompson v. Immigration & Naturalization Service,* 375 U.S. 384, 386, 84 S.Ct. 397, 398, 11 L.Ed.2d 404 (1964) (per curiam). *See generally* 9 Moore's Federal Practice § 204.12[2] (2d ed. 1980). This "lulling" doctrine does not preserve this appeal.

Although the "lulling" doctrine emerged from the civil context, for present purposes we shall assume, for the sake of argument, that it can apply to criminal cases. In *Jackson v. United States,* D.C.Mun.App., 119 A.2d 721 (1956), the court held that the trial court could not treat a postjudgment motion filed after the expiration of the appeal period as a notice of appeal. *See id.* at 722. The court reasoned that neither the trial court nor the appellate court had the power to enlarge the appeal period. *See id.; Jones, supra* at 196 n. 4. Because *Jackson,* however, involved an apparently deliberate attempt to

*So ordered.*

Separate Statement of MACK, Associate Judge:

Appellant filed a notice of appeal on June 20, 1979—the seventh day following the trial court's denial, by a six and one half page, "Memorandum Order" (dated June 13) of appellant's "Motion to Reconsider and Vacate Contempt Citation". The court's order considered not only legal and factual arguments but affidavits filed by appellant.

I could follow the majority in holding that we have no jurisdiction to entertain this appeal, if it were likewise holding that the trial court had no jurisdiction to reconsider her original May 16th order. The reluctance to go the latter route poses a problem for me.

The fact is that the trial judge did reconsider her prior ruling in denying the motion to reconsider and vacate. Having done so without challenge, the issue becomes, not so much one of "lulling" or "tolling," as one of determining what was the final order for purposes of appeal. The record before us throws no light on the matter. Faced with ambiguity, I would not penalize appellant by precluding jurisdiction in this court. *See United States v. Nicks*, D.C.App., 427 A.2d 444 (1981). I would be reluctant to do so particularly in this most difficult area where a late appearance by a lawyer has been assessed as criminal conduct.

extend the appeal period, the case does not necessarily foreclose the possibility that the trial court's inadvertent error for equitable reasons could lead to an enlargement of time for filing a criminal appeal. *See, e. g., United States v. Wickland*, 619 F.2d 75, 79–80 (Em. App.1980); *United States v. Cooper*, 482 F.2d 1393, 1399–1400 (Em.App.1973).

Application of the "lulling" doctrine, however, would not cure the defect in this case.

Appellant does not contend (nor does the record reveal) that the trial court made any representation or acted or failed to act in any way that caused him to miss his opportunity to appeal. In these circumstances, we have no basis for concluding that the judicial system is estopped to deny the appeal on the basis of untimeliness. *See* 9 Moore's *supra* § 204.12[2], at 4–73 to –76.