Robert L. LITTLE, a/k/a Morrell Watson, Appellant,

v.

UNITED STATES, Appellee.

No. 79–441.

District of Columbia Court of Appeals.

Submitted June 18, 1980.

Decided Nov. 25, 1981.

Paul D. Waring, appointed by this court, was on the brief for appellant. Dennis M. O'Keefe, Washington, D.C., appointed by this court, also entered an appearance for appellant.

Charles F.C. Ruff, U.S. Atty., and John A. Terry, Michael W. Farrell and Harold Damelin, Asst. U.S. Attys., Washington, D.C. were on the brief for appellee.

Before NEWMAN, Chief Judge, MACK, Associate Judge, and PAIR, Associate Judge, Retired.

MACK, Associate Judge:

In this appeal we review the trial court's denial, without a hearing, of appellant's pro se petition for reconsideration of an earlier court order rejecting a motion under D.C. Code 1973, § 23–110 for vacation of sentence and resentencing. Finding that the trial court erred in failing to conduct a hearing to determine the merits of appellant's allegations, we reverse and remand.

Following trial and conviction, appellant was sentenced on November 9, 1977 to a period of incarceration of 5 to 15 years for one count of assault with intent to kill while armed (D.C.Code 1973, §§ 22–501, –3202) and to a concurrent one-year sentence for one count of carrying a pistol without a license (D.C.Code 1973, § 22–3204).

During sentencing the trial court advised appellant that he had a right to appeal and that if he desired the clerk would prepare and file a notice of appeal. No notice of direct appeal was filed. However, on December 22, 1977 defense counsel filed a motion for modification and reduction of sentence pursuant to Super.Ct.Cr.R. 35. On January 23, 1978 the motion was denied.

In October 1978 pursuant to D.C. Code 1973, § 23–110(a)(4) [1] appellant filed a pro se motion for vacation of sentence and resentencing [2] claiming that trial counsel failed to file a notice of appeal of the conviction despite appellant's request that he do so. The trial judge denied the motion without a hearing in December 1978. No appeal was taken.

On February 1, 1979 appellant filed a second pro se motion seeking to vacate the court's previous order denying appellant's motion for vacation of sentence. On March

---

1. D.C.Code 1973, § 23–110. Remedies on motion attacking sentence

   (a) a prisoner in custody under sentence of the Superior Court claiming the right to be released upon the ground that ... (4) the sentence is otherwise subject to collateral attack, may move the court to vacate, set aside, or correct the sentence.

2. Where a defendant is resentenced his right to direct appeal from the conviction is restored. *Hines v. United States*, D.C.App., 237 A.2d 827 (1968). To preserve that right, the defendant must file a notice of appeal within ten days of resentencing.

19, 1979 the trial judge denied the motion without a hearing ruling that the motion lacked merit and failed to proffer sufficient factual circumstances upon which relief could be granted.

Appellant's notice of appeal from the March 19th order was received by the Office of the Clerk, Superior Court, on April 10, 1979.[3] In an accompanying letter dated March 30, 1979 appellant explained that due to a mix-up in mail delivery at Lorton Reformatory he did not receive notice of the order until March 27, 1979.[4] In connection with this appeal, counsel was appointed one month later.[5]

Before considering the merits of the appeal, we must address the government's contention that this court is without jurisdiction to hear the appeal. In deciding this issue, we assume that D.C.App.R. 4 II(b)(1) (requiring filing of a notice of appeal in a criminal case "within ten days after entry of the judgment or order from which the appeal is taken ...") is applicable.[6]

The motion in the instant case was denied on March 19, 1979 outside the presence of appellant who was proceeding pro se. Since the court jacket does not include a docket entry indicating when the order was in fact mailed to appellant, *Williams v. United States*, D.C.App., 412 A.2d 17, 20 (1980), the government concedes that the ten-day period commenced to run on the date on which appellant received the order—March 27, 1979.

The government contends that since the notice of appeal was received by the court on April 10, 1979 (14 days after appellant received notice), this court is without juris-

diction to consider the appeal. It is argued that *Butler v. United States*, D.C.App., 388 A.2d 883 (1978), a collateral appeal filed two days beyond the ten-day time limit, established the "outer limit" of *Fallen v. United States*, 378 U.S. 139, 84 S.Ct. 1689, 12 L.Ed.2d 760 (1964).

In *Fallen*, a criminal case, the notice of appeal was received by the court of appeals four days beyond the time limit set out in the court rules. In reversing the lower court, the Supreme Court noted that court rules are not "a rigid code to have an inflexible meaning irrespective of the circumstances." *Id.* at 142, 84 S.Ct. at 1691. Since circumstances beyond Fallen's control prevented timely filing, the Supreme Court held that the court of appeals had jurisdiction to consider the appeal.

Like Butler and Fallen, appellant was incarcerated and without assistance of counsel at the time the March 19th order was received. Like Fallen, the date at the top of appellant's letter accompanying his notice of appeal (March 30, 1979) was within the ten-day limitation. The envelope in which the notice and letter were sent might have provided a postmark indicating the date on which it was mailed. However, it is not part of the record and is, presumably, lost.

In view of the facts before us and in consideration of the admonition of Super. Ct.Cr.R. 2 that the rules "shall be construed to secure simplicity in procedure, fairness in administration and the elimination of unjustifiable expense and delay," we hold that this court has jurisdiction to consider the appeal.[7]

---

**3.** The envelope in which appellant's letter was mailed is not part of the court records.

**4.** The government does not challenge this contention.

**5.** In October 1979 appellate counsel filed with the trial court another motion for relief under D.C.Code 1973, § 23–110. The trial court denied the petition on October 25, 1979 on the basis that the allegations set out in the accompanying affidavit were previously raised in appellant's October 1978 motion which the trial court denied. No notice of appeal was filed.

**6.** Analogous motions filed in federal courts under 28 U.S.C. § 2255 (1976) "are governed by the rules for civil cases...." *United States v. Tindle*, 173 U.S.App.D.C. 77, 81 n.12, 522 F.2d 689, 693 n.12 (1975).

**7.** We interpret the statement in *Butler* (notice filed two days late) that in finding jurisdiction this court was extending *Fallen* (notice filed four days late) to its "outer limit" to mean its factual outer limit.

■ Turning to the merits, we note that the trial judge, without conducting a hearing, denied the motion to vacate his previous order on the bases that the motion lacked merit and failed to proffer sufficient factual circumstances upon which relief could be granted.

Appellant's motion alleged that he informed the court at sentencing and in the presence of trial counsel that he intended to appeal. (Appellant concedes that the sentencing transcript does not reflect this colloquy.) He further alleged that following his incarceration he left several messages with counsel's office requesting counsel to contact him concerning his right to appeal. However, counsel did not return the calls. A letter from appellant prompted a visit by counsel on December 9, 1977. During the visit counsel informed appellant that 1) no notice of appeal had been filed and that 2) despite appellant's objections counsel would file a motion for modification and reduction of sentence.

Appellant's allegations are neither vague, conclusory or wholly incredible.[8] *Gibson v. United States*, D.C.App., 388 A.2d 1214 (1978). The allegations, if true, merit relief in the form of vacation of sentence and resentencing, thereby restoring appellant's right to a direct appeal. *Hines v. United States*, D.C.App., 237 A.2d 827, 829 (1968). Thus, we remand with instructions to conduct a hearing to determine the truth of the allegations.

*So ordered.*

PAIR, Associate Judge, Retired, dissenting:

The crucial issue in this case—the one my colleagues have declined to address—is not the timeliness of the appeal from the March 19, 1979 order, but rather the appealability of that order in the first place. It is settled now that this court's jurisdiction is limited to review of final orders and judgments. *Butler v. United States*, D.C.App., 388 A.2d 883, 885 (1978); *Brown v. United States*, D.C.App., 379 A.2d 708, 709 (1977); D.C. Code 1973, § 11–721(a). Since it is almost too clear for discussion that no appealable order has been brought here for review,[1] I would dismiss the appeal for want of jurisdiction.[2]

Perhaps it would be helpful, in putting the issue in perspective, to set forth a chronology of the case:

| | |
|---|---|
| 11/ 9/77 | Appellant sentenced. |
| 12/22/77 | Motion for reduction of sentence filed by appellant's attorney. |
| 1/23/78 | Motion denied. |
| 10/ 2/78 | Pro se motion for vacation of sentence and resentencing filed. Motion stressed that attorney failed to file timely notice of appeal. |
| 12/ 5/78 | Motion denied without a hearing, but no appeal. |
| 2/ 1/79 | Pro se motion to vacate order denying motion for vacation of sentence and resentencing, and to grant a hearing. |
| 3/19/79 | Motion denied. |
| 4/10/79 | Pro se notice of appeal filed. |
| 5/14/79 | Appellate counsel appointed. |
| 10/23/79 | Counsel filed motion to vacate sentence. |
| 10/25/79 | Motion denied. No appeal. |
| 2/19/80 | Appellant's counsel filed briefs on appeal, but did not appeal 10/25/79 denial of motion to vacate. |

---

**8.** The government concedes that the allegations in appellant's motions are sufficient to warrant a hearing.

**1.** The March 19, 1979 order denied a motion to vacate an order which denied a motion to vacate, pursuant to D.C.Code 1973, § 23–110, sentences imposed after appellant's convictions for assault with intent to kill while armed and carrying a pistol without a license. The order accomplished nothing which disturbed appellant's status as a convicted felon and was therefore lacking in the essential element of dispositional finality contemplated by D.C.Code 1973, § 11–721(a). *See DeFoe v. National Capital Bank of Washington*, D.C.Mun.App., 90 A.2d 242 (1952); *Brooks v. Trigg*, D.C.Mun. App., 51 A.2d 302, 304 (1947); *Jacobsen v. Jacobsen*, 75 U.S.App.D.C. 223, 225, 126 F.2d 13, 15 (1942).

**2.** *In re Alexander*, D.C.App., 428 A.2d 812, 813 (1981); *United States v. Jones*, D.C.App., 423 A.2d 193, 196 (1980); *Irani v. District of Columbia*, D.C.App., 292 A.2d 804, 806 (1972).

The foregoing facts of record are fairly stated in the majority opinion with one very important exception, *i.e.*, the characterization of the February 1, 1979 motion as one for reconsideration of the December 5, 1978 order denying appellant's motion to vacate his sentence. The relief sought by the February 1, 1979 motion[3] was not reconsideration, but vacation of the December 5, 1978 order.

No doubt the reason for this unusual procedure was that although D.C.Code 1973, § 23–110(f) conferred upon appellant a right to appeal, he failed to exercise that right. *See Brown v. United States*, D.C. App., 379 A.2d 708 (1977).

My colleagues reason that by the simple expedient of treating the February 1, 1979 motion as one for reconsideration, they can restore to appellant the right of appeal which he lost. The fallacy of this reasoning is as crystal clear from this record as it was from the record in *In re Alexander*, D.C. App., 428 A.2d 812 (1981), and the record in *United States v. Jones*, D.C.App., 423 A.2d 193 (1980). We have held that neither this court nor the trial court may enlarge the time for filing notice of appeal in a criminal case, absent excusable neglect or other compelling circumstances. *See Jackson v. United States*, D.C.Mun.App., 119 A.2d 721, 722 (1956). As we said in *Hargett v. United States*, D.C.App., 380 A.2d 1005, 1008–09 (1977), *cert. denied*, 439 U.S. 932, 99 S.Ct. 324, 58 L.Ed.2d 327 (1978): "[O]ur rules have been fashioned to provide every opportunity for appeal, but they also dictate that there be an end to litigation."

In their eager activism, my colleagues have overlooked one other controlling consideration. Assuming that, in a proper case, a motion for reconsideration will toll the running of the appeal times prescribed by our Rule 4(a) and (b), it is mandatory that the motion be timely filed. *In re Alexander, supra* ; *United States v. Jones, supra*. In *In re Alexander*, it was said in footnote 2 at 814–15:

This court has rejected such a contention in the context of appeals in civil cases. In *901 Corp. v. A. Sandler Co.*, D.C.App., 254 A.2d 411 (1969), this court held that in the absence of specific authority, a motion for reconsideration does not toll the time for filing an appeal. *See id.* at 412.

The rules of this court governing civil appeals since have been amended and now provide:

> The running of the time for filing a notice of appeal is terminated as to all parties by the timely filing pursuant to the rules of the Superior Court of the following motions... :
>
> *       *       *       *       *       *
>
> a motion to vacate, alter or amend the order or judgment;
>
> * * * and
>
> any motion seeking relief in the nature of the foregoing. [D.C.App.R. 4 II(a)(2).]

In *Coleman v. Lee Washington Hauling Co.*, D.C.App., 388 A.2d 44 (1978), we held that under the new rule "a motion to reconsider a judgment or other appealable order, filed within ten days of entry of such judgment or order, terminates the running of the time for noting an appeal ... until the motion is acted upon." *Id.* at 47.

Because appellant filed the motion to reconsider this case after the ten-day appeal period had expired, we need not decide whether a motion to reconsider filed within the appeal period would toll the appeal period in a criminal case. *Accord, United States v. Jones*, D.C.App., 423 A.2d 193, 196 & n.4 (1980); *see United States v. Dieter*, 429 U.S. 6, 8 & n.3 [97 S.Ct. 18, 19 & n.3, 50 L.Ed.2d 8 (1976) (per curiam); *United States v. Jones*, 608 F.2d 386, 390 (9th Cir. 1979); *United States v. Woodruff*, 596 F.2d 798, 799 (8th Cir. 1979) (per curiam).

In the case at bar the motion, treated as a motion for reconsideration, was filed some 58 days after the entry of the December 5,

---

**3.** While the motion was filed pro se, it was prepared by a Staff Attorney in the Office of the Public Defender Service, who undertook to advise appellant.

1978 order denying appellant's motion to vacate his sentences. Clearly, therefore, the February 1, 1979 motion to vacate that order, however treated, did not and could not have had the effect of restoring to appellant the right of appeal which he lost. *In re Alexander, supra; United States v. Jones, supra.*

All of this is consistent with reason, for, if a lost right of appeal can be so easily restored, our Rule 4(a) and (b) would be frustrated in its jurisdictional purpose. *United States v. Robinson,* 361 U.S. 220, 80 S.Ct. 282, 4 L.Ed.2d 259 (1960); *United States v. Fraser,* D.C.App., 330 A.2d 761, 763 (1975).

My colleagues have apparently overlooked the decision of this court in *Irani v. District of Columbia,* D.C.App., 292 A.2d 804 (1972). In *Irani,* appellant, having obtained from the Superior Court an order expunging his arrest record, became convinced that he was entitled to additional relief. To this end, he submitted to the court more than 60 days after the entry of the order of expungement a "Proposed Final Order," spelling out the additional relief to which he felt entitled. The trial court treated the submission as a motion for reconsideration, but denied any additional relief. An appeal followed, which this court

for want of jurisdiction, dismissed, holding that the order expunging the arrest record was final and appealable and that the proposed final order, treated as a motion for reconsideration and filed, as it was, more than 30 days after the entry of the order, did not have the effect of enlarging the time for appeal.

So it was in the case at bar. The December 5, 1978 order denying the motion to vacate appellant's sentences was final and appealable. D.C.Code 1973, § 23–110(f). Appellant failed to exercise that right and the February 1, 1979 motion filed some 58 days later did not have the effect of restoring the right of appeal, even when viewed with the gloss furnished by my colleagues.

What this case comes down to then is a most injudicious effort to subvert the motions procedures of the Superior Court and the appellate procedures governed by Rule 4 of the Rules of this court. I refuse to join in the enterprise and am therefore in dissent.