Bernard TOTZ, Petitioner,

v.

**DISTRICT OF COLUMBIA RENTAL ACCOMMODATIONS COMMISSION,** Respondent.

No. 79–200.

District of Columbia Court of Appeals.

Argued Dec. 5, 1979.

Decided Feb. 29, 1980.

Donald W. Evans, Washington, D. C., for petitioner.

Richard B. Nettler, Asst. Corp. Counsel, Washington, D. C., with whom Judith W. Rogers, Corp. Counsel, and Richard W. Barton, Deputy Corp. Counsel, Washington, D. C., were on the brief, for respondent.

Before KERN, GALLAGHER and MACK, Associate Judges.

PER CURIAM:

This case originated with a tenant's complaint to the Rental Accommodations Office (RAO) in response to a notice of rent increase. A hearing was held in July 1976, and by decision issued November 30, 1976, the Rent Administrator found, *inter alia*, that petitioner was not registered with the RAO, that the tenant had been paying rent in excess of the rent ceiling, and that installation of an individual gas heating unit and transfer of heating cost to the tenant without a commensurate rent decrease resulted in a decrease in services.

Because petitioner had not received notice of and had not attended the July hearing, the Rental Accommodations Commission (the Commission) vacated the decision of the Rent Administrator and remanded for *de novo* hearing ordering, in addition, review of the rents being charged all tenants. Thereafter, on September 4, 1977, the Rent Administrator issued a new decision finding, *inter alia*, that the property was first registered with the RAO on August 18, 1976, and that the responsibility for the cost of heat was transferred from the landlord to the tenants on April 15, 1976, without a commensurate reduction in monthly rent. The Rent Administrator also determined: 1) the base rent for each of the 16 rental units, 2) that the base rents included heat and window air conditioners, and 3) that the maximum rents which could be charged were the base rents, adjusted downward after the transfer of heating cost and upward after registration of the building.

Based upon these findings, the Rent Administrator concluded, *inter alia*, that the transfer of heating costs to the tenants was a substantial reduction in related services, that certain of the tenants had been charged rent in excess of the rent ceilings

and were therefore entitled to refunds and that petitioner was not entitled to a rent increase in that proceeding because he had not properly petitioned the RAO.

Petitioner appealed this decision to the Commission and by decision dated December 30, 1977, the Commission affirmed both the Rent Administrator's findings of a reduction in services and the award of refunds. The Commission also rejected petitioner's claim to entitlement to a rent increase by virtue of rehabilitation of the property, but remanded to the Rent Administrator for a new determination of the date the building was registered with the RAO. On May 31, 1978, after another hearing, the Rent Administrator determined that the building had been registered on December 5, 1974, and recalculated the refunds to the tenants. Petitioner appealed this ruling to the Commission, challenging not the ruling on the date of registration, but rather the Rent Administrator's earlier reduction in the base rent due to a finding of substantial decrease in services, as well as his failure to be credited for rehabilitation of the property. In its decision dated January 26, 1979, the Commission rejected these claims of petitioner as outside the scope of the decision appealed from. In response to a tenant appeal from the same decision of the Rent Administrator, however, the Commission reversed and remanded the decision for the recalculation of the refunds and ordered, *sua sponte*;

All overcharged tenants shall also be paid twice the amount of the first month's overcharge as the remaining two-thirds of the treble damages required by Section 215(a) of D.C. Law 1–33:

[and]

Payments due any tenant may be offset by any debt owed the landlord by the tenant as determined by a court of competent jurisdiction.

It is from this decision of the Commission that petitioner appeals to this court.

 Petitioner's principal contention on appeal is that the Commission erred in ordering the award of treble damages for

excess rents. In so arguing, petitioner contends that the Commission lacked power to award treble damages when there had been no underlying finding by the Rent Administrator that treble damages were warranted. Petitioner further argues that because the Commission had not ordered treble damages in any of its earlier reviews of this case, it was precluded by considerations of estoppel and res judicata from awarding them at this stage. These contentions lack merit. D.C.Code 1978 Supp., § 45–1652(g) provides in part that "[t]he Commission may reverse, in whole or in part, any decision which it finds to be . . . not in accordance with the provisions of this subchapter." [D.C.Code 1978 Supp., § 45–1631, et seq.] Section 45–1655 of the subchapter provides:

(a) Any person who—

(1) demands or receives any rent for a rental unit in excess of the maximum allowable rent applicable to that rental unit under the provisions of this subchapter, or

(2) substantially reduces or eliminates related services previously provided for a rental unit, *shall* be held liable by the Rent Administrator for treble the amount by which the rent exceeded the applicable rent ceiling or for $50, whichever is greater. (Emphasis supplied.)

The statute is mandatory in terms. *See Smith v. D.C. Rental Accommodations Commission*, D.C.App., 411 A.2d 612, at 615 (1980). Thus, the Rent Administrator was required to impose treble damages upon finding, as it did in its September 4, 1977, decision, that petitioner had received rents in excess of the allowable ceiling and had substantially reduced services. Consequently, it was not error for the Commission to order the imposition of treble damages upon remand from its January 26, 1979 decision.[1]

Petitioner also argues that it was error to impose treble damages under § 45–1655(a) without a finding of wilfulness. The statute contains no requirement of wilfulness in subsection (a), as it expressly does in subsection (b), and the Commission has not required such a finding. *See, e. g., In re 115 Rumsey Court*, T/P # 493, 510 at 4 (November 6, 1978); *In re 1316 New Hampshire Avenue, Northwest*, T/P # 1070 at 2 (July 19, 1978); *In re 501 Constitution Avenue, Northeast*, T/P # 732 at 4 (July 12, 1978). In reviewing the construction of a statute by the agency charged with its interpretation and enforcement, the agency's interpretation is controlling unless it is plainly erroneous or inconsistent with the statute. *1880 Columbia Road v. D.C. Rental Accommodations Commission*, D.C.App., 400 A.2d 333, 337 (1978).

Petitioner also challenges the Commission's refusal to consider his contentions on appeal from the Rent Administrator's May 31, 1978, decision. Petitioner had attempted to challenge the Rent Administrator's determination that the previous finding of a 14 per cent decrease in services remained intact. This factual finding in the May, 1978, decision that a finding which had been made September 4, 1977, affirmed December 30, 1977, and which remained unappealed was intact, was clearly supported by substantial evidence and required affirmance by the Commission. *See* § 5.32 of the Regulations of the District of Columbia Rental Accommodations Commission, 22 D.C.Reg. 3104, 3139 (Dec. 17, 1974) [Regulations]. Petitioner, however, also attacks the merits of the finding seeking to prove that the installation of individual heating and cooling units constituted an improvement, rather than a decrease in services. The Commission ruled that the issues raised were beyond the scope of the decision appealed from, which concerned only the date of registration of the building. The Com-

---

1. Although neither party to this appeal has contested the Commission's computation of treble damages as three times the first month's overcharge, this court has recently ruled that such a computation is contrary to law. In *Smith v. D.C. Rental Accommodations Comm'n,* supra, we ruled that the treble dam-

ages provision "indisputably applies to all months during which the overcharge was collected." *Id.* at 615. On remand, therefore, the Commission must recalculate the refunds due the tenants in accordance with the decision in *Smith.*

mission noted further that these matters had been ruled on in the September 4, 1977, decision of the Rent Administrator and had been affirmed in the Commission's December 30, 1977, decision, from which no appeal had been taken.

■ Section 5.33 of the Regulations, *supra* at 3140, provides that decision of the Commission:

> shall contain a statement informing the parties of their right to have the decision reviewed by the District of Columbia Court of Appeals and that failure to seek such judicial review, in the manner and within the time said Court by rule may prescribe, shall waive their right to judicial review.

The Commission's December 30, 1977, order contained no such statement. However, even if the failure to inform petitioner of his right to appeal did preserve these issues for our consideration, a question which we do not decide as it was not raised by the parties, petitioner's contentions in this regard have no merit. The agency's finding of a decrease in services is supported by substantial evidence in the record. Furthermore, petitioner's attempt to couch the issue in terms of rehabilitation of the property is precluded by the uncontradicted finding of the Rent Administrator that petitioner failed to comply with the statutory notice requirement for raising such an issue in an adjustment proceeding. *See* D.C.Code 1978 Supp., §§ 45–1652(a) and (b).

■ Petitioner also argued that the Commission erred in requiring that refunds due the tenant could only be offset by judgments obtained by the landlord against the tenants for outstanding debts. The Commission has conceded that this part of its order was in error, because it is empowered by its regulations only to order refunds of excess amounts *collected*, or to credit the excess to rent due *after the date of the order*. *See* § 5.11 of the Regulations, *supra*. 22 D.C.Reg. 5256 (Mar. 30, 1976).

Accordingly, the decision is remanded for vacation of that part of the Commission's decision which permits an offset of the refunds due the tenants by judgments against them obtained by petitioner, and for recalculation of the refunds due in accordance with this decision and with the decision in *Smith v. D.C. Rental Accommodations Commission, supra*.[2] In all other respects, the decision of the Commission is affirmed.

*So ordered.*