418 So.2d 269 (1982)
Donald W. HULMES, Appellant,
v.
DIVISION OF RETIREMENT, DEPARTMENT OF ADMINISTRATION, Appellee.
No. AG-17.
District Court of Appeal of Florida, First District.
April 26, 1982.
M. Terry McNab, Tallahassee, for appellant.
Augustus D. Aikens, Jr., Tallahassee, Div. of Retirement, for appellee.

ON PETITION FOR REHEARING
PER CURIAM.
Appellant, who was discontinued as a member of the State and County Employees Retirement System in 1968,[1] contends that he was an eligible member of that retirement system from the time of his employment in 1955, when he became employed by the Broward County School Board as an attorney to handle the legal affairs of its new community college. Appellant contends his eligibility was established by old Rules 16 and 17 of the old County Officers and Employees Retirement System which were promulgated by the State Comptroller, by and with the consent and approval of the State Budget Commission, pursuant to § 134.11, Florida Statutes (1945-53). Rule 16 provided:
County attorneys and assistant county attorneys are on a fixed salary, subject to call at any time for as much service as the office requires. Therefore, they are full time officers within the scope of the act.
Rule 17 provided:
Professional men and women, such as attorneys, doctors, architects, nurses, etc., *270 who are on a substantial fixed salary, with a definite understanding that they are subject to call at any time for as much service as the situation demands, and whose county employment receives precedence over private employment, come within the scope of the law.
Appellant was never a member of that system, however. He was employed after enactment of the successor State and County Retirement System [Chapter 122, Florida Statutes (1955)]. Appellant contends that the aforesaid Rules 16 and 17 were carried over into the successor system and that he was, therefore, properly a member of the latter system and is now entitled to transfer his membership there into the Florida Retirement System, Chapter 121, Florida Statutes (1971-81). Appellant has failed to show, however, that Rules 16 and 17 were ever repromulgated under Chapter 122 (the State and County Retirement System) pursuant to § 122.13 as rules applicable to that system. An administrative rule or regulation is operative and binding on those coming within its terms from its effective date until it is modified or superseded by subsequent legislation or by subsequent regulations adopted in compliance with duly ordained standards of administrative procedure, and it expires with the repeal of the statute from which it gains its life. 73 C.J.S. Public Administrative Bodies and Procedures, § 107. Thus, appellant's reliance upon old Rules 16 and 17 is misplaced.
A 1959 ruling of the Florida Attorney General interpreting § 122.02, Florida Statutes as to "full time" employees (AGO 059-22) held as follows:
As § 122.02, F.S., supra, includes only "... all full-time officers or employees ..." within the coverage of Ch. 122, F.S., it appears that part-time or temporary employees of the board would not be included in the state and county officers and employees retirement system.
In addition, in 1960, the Attorney General in AGO 060-106 further interpreted this statute as follows with regard to full-time employment:
From the above and foregoing, it appears that for officers and employees to be within the purview of the state and county officers and employees retirement system they must be full-time employees on fixed monthly salaries. "Full time" is defined by Webster as "the amount of time considered the normal or standard for working during a given period, as a day, week or month." In Johnson v. Stoughton Wagon Co., 118 Wis. 438, 95 N.W. 394, text 397, full time employment was deemed an employment or business to the exclusion of the conduct of other businesses such as require the substantial part of his time or attention. See also 17A Words and Phrases, 523-525.
We agree with these interpretations of the Attorney General. There is competent substantial evidence to support the finding of the hearing officer which was adopted by the Department that appellant did not qualify as a full-time employee, as required by § 122.02, Florida Statutes.
Motion for rehearing denied. 417 So.2d 334.
McCORD, ERVIN and SHAW, JJ., concur.
NOTES
[1] The State Auditor at that time raised objections to his being considered a member of that system.