**Bernard TOTZ, Petitioner,**

v.

**DISTRICT OF COLUMBIA RENTAL HOUSING COMMISSION, et al., Respondents.**

No. 83–125.

District of Columbia Court of Appeals.

Argued Dec. 19, 1983.

Decided April 9, 1984.

Bernard Totz, pro se.

Richard B. Nettler, Asst. Corp. Counsel, Washington, D.C., with whom Judith W. Rogers, Corp. Counsel, Washington, D.C., at the time the brief was filed, and Charles L. Reischel, Deputy Corp. Counsel, Washington, D.C., were on brief, for respondent District of Columbia Rental Housing Comn.

Richard Halberstein, Washington, D.C., entered an appearance for respondents Tenants of 529 G Street, S.E.

Before KERN, FERREN and TERRY, Associate Judges.

TERRY, Associate Judge:

Nearly four years ago, we held that D.C. Code § 45–1655(a) (1978 Supp.), part of the Rental Accommodations Act of 1975 (repealed 1978),[1] required the District of Columbia Rental Accommodations Commission, predecessor to the Rental Housing Commission, to impose treble damages against petitioner for the entire amount by which the rents he charged his tenants exceeded the applicable rent ceilings. *Totz v. District of Columbia Rental Accommodations Commission*, 412 A.2d 44, 46 (D.C. 1980). In light of our holdings that treble damages were mandated for the entire period in question,[2] *id.* at 46 n. 1, and that petitioner could not set off against those refunds judgments he had obtained against some of the tenants before the Commission's order, *id.* at 47, we remanded his case to the Commission for a recalculation of the refunds owed to the tenants.

After the Rent Administrator recalculated the refunds, petitioner appealed again to the Commission, as did his tenants. However, he failed to appear at the hearing on the appeal; accordingly, on August 25, 1982, the Commission dismissed his appeal, apparently for lack of prosecution.[3] Nearly a month later, on September 24, petitioner moved for reconsideration of the dismissal. The Commission denied the motion on January 19, 1983, and on February 2 petitioner filed in this court a petition for review of that denial. Because we lack jurisdiction to review either the denial of the motion for reconsideration or the dismissal of petitioner's appeal, we must dismiss his petition.

We have consistently held that we do not have jurisdiction to hear appeals from denials of motions for reconsideration of final orders in civil and criminal cases. *E.g., In re Alexander*, 428 A.2d 812 (D.C. 1981) (criminal), *cert. denied*, 454 U.S. 1149, 102 S.Ct. 1014, 71 L.Ed.2d 303 (1982); *United States v. Jones*, 423 A.2d 193, 195 (D.C.1980) (criminal); *901 Corp. v. A. Sandler Co.*, 254 A.2d 411 (D.C.1969) (civil); *see Coleman v. Lee Washington Hauling Co.*, 388 A.2d 44, 45 (D.C.1978). We now hold that our power is similarly limited as to appeals from such denials by administrative agencies. Of course, if we have jurisdiction to hear an appeal from the final order itself, we will treat the purported appeal from the denial of reconsideration as having been taken from that underlying order. *See, e.g., Reichman v. Franklin Simon Corp.*, 392 A.2d 9, 11 n. 3 (D.C. 1978); *Coleman v. Lee Washington Hauling Co., supra*, 388 A.2d at 45; *Diatz v. Washington Technical School*, 73 A.2d 227, 228 (D.C.1950), *aff'd sub nom. Sobel v. Diatz*, 88 U.S.App.D.C. 329, 189 F.2d 26 (1951). The question for us to decide here, then, is whether we have jurisdiction to hear an appeal from the Commission's dismissal of petitioner's administrative appeal. We conclude that we do not.

Our rules provide that a party may obtain review of an agency decision "by filing with the Clerk of this Court a petition for review within fifteen days from the date of having been given formal notice of the order or decision sought to be re-

**1.** The Rental Accommodations Act of 1975, D.C.Law 1–33, 22 D.C.Reg. 2490, D.C.Code §§ 45–1631 through 45–1674 (1978 Supp.), was repealed and superseded by the Rental Housing Act of 1977, D.C.Law 2–54, 24 D.C.Reg. 5334 (1978), D.C.Code §§ 45–1681 through 45–1699.-27 (1980 Supp.). The 1977 Act expired in 1981 and was succeeded by the Rental Housing Act of 1980, D.C.Law 3–131, 28 D.C.Reg. 326 (1981), *as amended*, D.C.Code §§ 45–1501 through 45–1597 (1981 & 1983 Supp.).

**2.** Unlike the 1975 Act, both the Rental Housing Act of 1977 and the Rental Housing Act of 1980,

*supra* note 1, make the imposition of treble damages discretionary. *See* Rental Housing Act of 1977, § 901(a), 24 D.C.Reg. at 5410; *Rental Housing Act of 1980, § 901(a), D.C.Code § 45–1591(a) (1981)*.

**3.** On September 7, 1982, the Commission affirmed the Rent Administrator's recalculation, rejecting the tenants' contention that refunds should be ordered also for overcharges imposed after September 4, 1977, the date of the Rent Administrator's initial decision.

viewed...." D.C.App.R. 15(b).[4] Petitioner did not do this. Section 203(e)(1)(C) of the Commission's rules states that service of notice may be effected "[b]y mail, on deposit with the United States Postal Service properly stamped and addressed...." Thus the period in which petitioner could petition this court for review began to run when he was given notice of the Commission's order of August 25, 1982, dismissing his appeal. *Johnson v. District of Columbia Department of Employment Services,* 473 A.2d 398 (D.C.1984). That period had long since expired by February 1983, when he filed his petition for review.[5]

 The time limit for filing a petition for review of agency actions is mandatory and jurisdictional. *Conner v. District of Columbia Bureau of Motor Vehicle Services,* 442 A.2d 957, 958 (D.C.1982); *see Valentine v. Real Estate Commission,* 163 A.2d 554, 555–556 (D.C.1960) (construing the predecessor of the present Rule 15(b)). Once the time prescribed by the rule has passed, we are without power to hear the case. We therefore have no choice but to dismiss the instant petition for review.

*Petition dismissed.*

---

**4.** Another rule, D.C.App.R. 26(c), gives three additional days if the order or decision is served on the party by mail. The time begins to run from the date of mailing, not the date of decision. *See Poyner v. Police & Firemen's Retirement & Relief Board,* 456 A.2d 1249, 1251 (D.C. 1983).

**5.** D.C.App.R. 15(c) states that the time for filing a petition for review is tolled by the filing of a motion "pursuant to the rules of the agency" for reconsideration of the agency's decision. The rules of the Rental Housing Commission do not provide for motions for reconsideration. But even if they did, the time for appeal would not have been tolled because petitioner's motion for reconsideration was filed after the time for filing a petition for review in this court had expired. The motion for reconsideration, regardless of its other deficiencies, came too late to save petitioner's right of appellate review in this court. *See In re Alexander, supra,* 428 A.2d at 814–815 & n. 2; *United States v. Jones, supra,* 423 A.2d at 196 n. 4.