**HIJA LEE YU, Petitioner,**

v.

**DISTRICT OF COLUMBIA RENTAL HOUSING COMMISSION,**
Respondent.

**John Ross, Intervenor.**

No. 84–644.

District of Columbia Court of Appeals.

Argued Feb. 26, 1985.

Decided March 5, 1986.

James P. McGranery, Jr., Washington, D.C., for petitioner.

Lutz Alexander Prager, Asst. Corp. Counsel, with whom Inez Smith Reid, Corp. Counsel, John H. Suda, Principal Deputy Corp. Counsel, and Charles L. Reischel, Deputy Corp. Counsel, Washington, D.C., were on brief, for respondent.

S. Scott Morrison, with whom David H. Schwartz, Washington, D.C., was on brief, for intervenor.

Before FERREN and TERRY, Associate Judges, and PAIR, Senior Judge.

TERRY, Associate Judge:

Petitioner, a tenant, seeks review of a Rental Housing Commission order dismissing as untimely her appeal to the Commission from a ruling by the Rental Accommodations Office (RAO) in favor of her landlord. We agree that the appeal was untimely, and thus we affirm the Commission's order.

**I**

In 1981 petitioner filed a complaint with the RAO alleging rent overcharges by her landlord, John Ross. Petitioner claimed that the rent charged by Ross was excessive under the Rental Housing Act of 1980, D.C.Law 3–131, 28 D.C.Reg. 326 (1981), *as amended,* D.C. Code §§ 45–1501 through 45–1597 (1981 & 1985 Supp.). After a hearing, the RAO awarded petitioner $10,149.56 in treble damages. *See* D.C.Code § 45–1591(a) (1981).

Ross appealed that decision to the Rental Housing Commission, which remanded the case to the RAO for a recalculation of the

damages. Upon remand, an RAO hearing examiner reduced the award to $7,010.00.[1] The examiner stated in his order that petitioner could appeal the decision to the Commission by "filing a Notice of Appeal on or before September 22, 1983." The order went on to say:

> Appeals ... must be file-stamped with the Commission and served on opposing parties within ten (10) days of the decision ... excluding Saturdays, Sundays, holidays, and allowing three (3) additional days for postage....[2]

The failure of the party to file a timely appeal shall result in the waiver of the right to have this decision reviewed by the District of Columbia Court of Appeals.

Petitioner, however, did not file her notice of appeal on or before September 22. Instead, she mailed the notice to the Commission on September 22. As a result, the notice was not filed with the Commission until October 3, and thus the Commission entered an order dismissing her appeal as untimely. She now seeks reversal of that order.

## II

The Rental Housing Act of 1977 ("the 1977 Act") expired on April 30, 1981. *See* D.C.Law 2–54, § 906, 24 D.C.Reg. 5414 (1977), *as amended*, D.C.Law 3–106, § 2, 27 D.C.Reg. 3758, 4388 (1980). Its successor, the Rental Housing Act of 1980 ("the 1980 Act"), became law on March 4, 1981, 28 D.C.Reg. 1167 (1981), but it did not take effect until May 1, 1981, upon the expiration of its 1977 predecessor. *See* D.C. Code § 45–1596(a) (1985 Supp.). Because petitioner filed her initial petition on July 29, 1981, the 1980 Act governs this case. D.C. Code § 45–1594 (1981).

1. The hearing examiner's decision was the final order entered by the RAO.

2. The order was filed on Friday, September 2. The tenth day from that date, excluding Saturdays, Sundays, and an intervening holiday (Labor Day), was Monday, September 19. The addition of three days for mailing made the deadline Thursday, September 22.

■ Appellant relies in part on certain rules (the "Old Rules") adopted by the Rental Accommodations Commission (RAC) under the 1977 Act. That Act created the RAC and vested in it the authority to adopt rules. The 1980 Act, however, replaced the RAC with a new agency, the Rental Housing Commission. The validity and effectiveness of any agency's rules depend on the statute creating that agency and giving it rule-making power. Consequently, when the 1977 Act expired, the Old Rules of the RAC became null and void. *Hulmes v. Division of Retirement,* 418 So.2d 269, 270 (Fla.App.1982) (an administrative rule "expires with the repeal of the statute from which it gains its life"); *see* 73 C.J.S. *Public Administrative Law and Procedure* § 89 (1983).

■ Petitioner, seeking to rely on the Old Rules, contests this conclusion with two arguments. First, she claims that since the Old Rules were published in the District of Columbia Register[3] on March 13, 1981, nine days after the 1980 Act became law, the RAC rules remain valid. We disagree; mere publication cannot resurrect rules adopted under an expired statute. Second, petitioner argues that this court's citation of an Old Rule in *Totz v. District of Columbia Rental Housing Commission,* 474 A.2d 827, 829 (D.C.1984), served to reinstate the Old Rules. *Totz,* however, did not deal with the issue of whether the Old Rules were still in effect. Moreover, petitioner did not rely on the Old Rules when she filed her notice of appeal to the Commission; instead, she cited Proposed Rules 3001 and 3312, two of the "New Rules" promulgated by the Commission under the 1980 Act.[4] Thus we con-

3. 28 D.C.Reg. 1144 (1981).

4. At the time appellant filed her notice of appeal, the Commission had not yet adopted a final set of rules. It had issued a series of proposed rules in May 1981, just a few days after it came into being under the 1980 Act. 28 D.C.Reg. 2044 (1981). These proposals were superseded in February 1983 by a second set of proposed rules, 30 D.C.Reg. 911 (1983), which

clude that petitioner's reliance on the Old Rules is misplaced. If she is to prevail, it must be under the New Rules.

### III

An agency's interpretation of its own enabling statute must receive great deference from a reviewing court so long as it is reasonable. *Investment Co. Institute v. Camp*, 401 U.S. 617, 626–627, 91 S.Ct. 1091, 1097, 28 L.Ed.2d 367 (1971); *Red Lion Broadcasting Co. v. FCC*, 395 U.S. 367, 381, 89 S.Ct. 1794, 1802, 23 L.Ed.2d 371 (1969). Similarly, an agency's interpretation of its own rules will be accepted by the courts unless it is clearly erroneous or inconsistent with the rules themselves. *Bowles v. Seminole Rock & Sand Co.*, 325 U.S. 410, 414, 65 S.Ct. 1215, 1217, 89 L.Ed. 1700 (1945); *Dankman v. District of Columbia Board of Elections and Ethics*, 443 A.2d 507, 514 (D.C.1981) (en banc). In this case we hold that the Rental Housing Commission rendered a reasonable interpretation of both the 1980 Act and its own proposed rules.[5]

██ The 1980 Act contains a cryptic provision authorizing appeals from decisions of the Rent Administrator (*i.e.*, the RAO):

> An appeal from any decision of the Rent Administrator or his or her designee may be *taken* by the aggrieved party to the Rental Housing Commission within 10 days after the decision of the Rent Administrator....

D.C.Code § 45–1527(g) (1981) (emphasis added). But the 1980 Act does not specify how to "take" an appeal. Thus the Commission decided in this case that a notice of appeal must actually be filed in order for an appeal to be "taken." In light of the ambiguity in the statute, the Commission's interpretation was certainly not unreasonable.

were eventually adopted on December 2, 1983, with *some modifications, as the Commission's* final rules. 30 D.C.Reg. 6179 (1983). It is the second set of proposed rules to which we refer in this opinion as the "New Rules."

The Commission's New Rules, unfortunately, are not paragons of clarity either. They provide:

> 3300.1. Any party adversely affected by a decision of a hearing examiner may obtain review of that decision by *filing* a notice of appeal with the Rental Housing Commission (also referred to in this chapter as the "Commission").

> 3300.2. A notice of appeal must be *taken* by the aggrieved party within ten (10) days after the decision of the hearing examiner. If the decision is mailed, an additional three (3) days shall be allowed.

> 3300.3. The notice of appeal must be *served* on opposing parties at the time it is *served* on the Commission.

30 D.C.Reg. 932 (1983) (emphasis added). From these three provisions it is unclear whether a party must file or serve a notice in order to "take" an appeal under the statute. If filing is required, a document will not be deemed "filed" until it is "received and stamped by the Commission...." Proposed Rule 3001.3, 30 D.C. Reg. 911 (1983); *see Cobb v. Cobb*, 462 A.2d 461, 462 (D.C.1983) (a document is not filed with a court upon mailing, but only upon receipt). On the other hand, "[s]ervice by mail is complete upon mailing." Proposed Rule 3312.3, 30 D.C.Reg. 937 (1983).

Other parts of the New Rules help us to resolve the uncertainty. Proposed Rule 3302.2, concerning the filing of a motion for stay pending appeal, provides:

> The time limit for filing a motion for stay is the same as for a notice of appeal. If the motion is not *filed* in a timely fashion, the order of the hearing examiner becomes effective, and a motion for stay will not be entertained.

**5.** Although proposed rules are not "determinative of issues or rights addressed," they nevertheless "express the agency's intended course of action, its tentative view of the meaning of a particular statutory term...." *Batterton v. Marshall*, 208 U.S.App.D.C. 321, 329, 648 F.2d 694, 702 (1980) (footnote omitted).

30 D.C.Reg. 933 (1983) (emphasis added). In addition, the New Rules contain sections that permit an "extension of time to file a pleading" in certain circumstances, but no such provisions exist for extending the time to serve. *See* Proposed Rule 3311.1, 30 D.C.Reg. 937 (1983). All of this persuades us that filing is the crucial step, not serving, and we so hold.

As a last resort, petitioner argues that despite her misinterpretation of both the Old Rules and the New Rules, the Commission abused its discretion in failing to extend her time for filing a notice of appeal. She relies on Proposed Rule 3313.3, 30 D.C.Reg. 938 (1983), which states that "[t]he Commission, for good cause shown, may enlarge the time prescribed, either on motion by a party or on its own initiative." Petitioner maintains that her interpretation of, and reliance on, the New and Old Rules satisfied the "good cause" requirement. We disagree for two reasons. First, petitioner's notice of appeal cited only the New Rules, not the Old Rules, so that she cannot now claim reliance on the Old Rules. Second, the RAO's order stated that petitioner could appeal by "filing a Notice of Appeal on or before September 22, 1983," with the Commission. Her disregard of this simple instruction was a mistake that the Commission should not be required to correct. On this record, any reliance which petitioner might have placed on her own definition of "taking" an appeal was patently unreasonable, given the plain language of the RAO order. She therefore made no showing of good cause, and the Commission did not abuse its discretion in failing to extend her time.

*Affirmed.*