The WASHINGTON POST, Petitioner,

v.

DISTRICT OF COLUMBIA DEPARTMENT OF EMPLOYMENT SERVICES, Respondent,

and

Monique Berthault, Intervenor.

No. 03–AA–739.

District of Columbia Court of Appeals.

Argued April 27, 2004.

Decided July 8, 2004.

---

1.   *In re Roundtree,* 503 A.2d 1215 (D.C.1985).

William H. Schladt, Gaithersburg, MD, for petitioner.

Robert J. Spagnoletti, Corporation Counsel, Edward E. Schwab, Acting Deputy Corporation Counsel, and Mary T. Connelly, Assistant Corporation Counsel, were on the statement in lieu of brief, for respondent.*

James A. Mannino, Washington, DC, for intervenor.

Before STEADMAN and GLICKMAN, Associate Judges, and KING, Senior Judge.

KING, Senior Judge:

The Director of the Department of Employment Services ("Director") affirmed a Compensation Order of an administrative law judge ("ALJ"), finding claimant/intervenor Monique Berthault temporarily partially disabled as a result of a work-related injury. Petitioner Washington Post contends that substantial evidence does not support the ALJ's findings of fact and conclusions of law and the Director's affirmance thereof. Specifically petitioner contends that the Director erred in finding that claimant's allergic condition had not abated and in finding that she is entitled to ongoing benefits. We affirm.

---

* While this appeal was pending, the title of the District's chief attorney was changed. The Corporation Counsel is now known as the Attorney General for the District of Columbia. *See* Mayor's Order No. 2004–92, 51 D.C. Register 6052 (May 26, 2004).

## I.

Claimant began working for petitioner as a press operator in April 1987. In March 1997, she developed a rash on her ears, which spread to her face, neck, and upper body, a reaction she had never suffered previously. She was treated from March through December 1997 by Kaiser Permanente. She returned to work in February 1998, and the rash reappeared the next month. She eventually underwent skin testing in June 1998 and tested positive for an allergic reaction to chloracetamide, a manufacturing chemical used in the printing process. She did not work from June 1998 until April 1999 and the rash subsided. When she returned to work on April 4, 1999, her skin again became symptomatic. Her treating physician recommended that she not work in a capacity in which she would come into contact with printing presses. Accordingly, in June 1999, she began work as a child caretaker, and in December 1999, began work at Food Lion, where her income is substantially less than what she had received as compensation from petitioner. Her skin condition has not returned since she ceased working for petitioner.

Claimant also received an independent medical examination, in which the physician agreed with her treating physician that she developed an allergic contact dermatitis due to her exposure to chloracetamide. The physician opined that her condition would be re-aggravated by returning to work for petitioner or by exposure to printing press chemicals.

Upon filing a claim with the District of Columbia Office of Workers' Compensation, claimant received voluntary payments of temporary total disability benefits from March 24, 1998 to June 9, 1999, and temporary partial disability benefits thereafter. After an evidentiary hearing, the ALJ issued a Compensation Order finding that claimant continues to be temporarily partially disabled since her work-related injury on March 21, 1997. The Director affirmed the Compensation Order, concluding that the ALJ's holding was supported by substantial evidence in the record. This petition for review followed.

## II.

■ Petitioner contends that when claimant contracts an allergy to a condition in her workplace, she is entitled to temporary disability benefits only while she continues to suffer from physical manifestations of the work-related condition. In this case, petitioner contends, claimant is asymptomatic and has returned to her pre-episode condition, and therefore no longer is entitled to temporary partial disability benefits.

■ In reviewing the decision of an agency, we defer to the decision of the Director, so long as the decision is supported by substantial evidence. *Washington Metro. Area Transit Auth. v. District of Columbia Dep't of Employment Servs.*, 683 A.2d 470, 472 (D.C.1996). If there is substantial evidence to support the finding, evidence contrary to that finding does not permit us to substitute our judgment for that of the Director. *Haight v. District of Columbia Alcoholic Beverage Control Bd.*, 439 A.2d 487, 495 (D.C.1981). Substantial evidence means evidence that a reasonable person would consider adequate to support a conclusion. *Dell v. District of Columbia Dep't of Employment Servs.*, 499 A.2d 102, 108 (D.C.1985).

■ According to § 32–1501(8) (2001)[1] of the District of Columbia Worker's Compensation Act, a claimant is disabled when she suffers a compensable injury, arising out of and in the course of

---

1. Previously codified as D.C.Code § 36–301(8) (Repl.1997).

employment, and suffers a resulting wage loss. A "disability" is defined as "physical or mental incapacity because of injury which results in the loss of wages." *Id.* An injury is an "accidental injury or death arising out of and in the course of employment, and such occupational disease or infection as arises naturally out of such employment or as naturally or unavoidably results from such accidental injury . . . ." D.C.Code § 32–1501(12).[2] Disability, however, is an economic concept rather than a medical condition. *See Washington Post v. District of Columbia Dep't of Employment Servs.,* 675 A.2d 37, 41 (D.C.1996). "[A]ny injury that does not result in a loss of wage-earning capacity cannot be the foundation for a finding of disability." *Upchurch v. District of Columbia Dep't of Employment Servs.,* 783 A.2d 623, 627 (D.C.2001). Once a claimant shows that she has a work-related impairment, she is entitled to a finding of disability unless the employer demonstrates availability of suitable alternative employment. *See Washington Post, supra,* 675 A.2d at 41.

█ The petitioner relies on agency cases holding that where a claimant's allergic reaction to substances at the workplace causes disability, and the condition improves when claimant is removed from the environment, claimant is no longer disabled from working. *See Roberson v. AT & T Tech., Inc.,* H & AS No. 87–402, OWC No. 0101267 (Feb. 18, 1988) (pre-existing asthma condition aggravated by allowance of smoking in workplace); *Smith v. Georgetown Univ.,* H & AS No. 85–335, OWC No. 57348 (Feb. 5, 1986), *available in* 1986 DC Wrk. Comp. LEXIS 49 (allergic reaction to bee sting caused claimant to miss work); *Cotton v. Sallie Mae Student Loan Mktg. Ass'n,* H & AS No. 84–25, OWC No. 029867 (Oct. 4, 1984) (pre-existing condition of which claimant was unaware manifested during stressful period

of work). In those cases, however, the claimant either had the condition prior to its exacerbation in the work environment, or was unable to establish a causal relation between the injury and employment; thus it was never determined whether the claimants were disabled economically. *See also Barran v. American Symphony Orchestra League,* Dir. Dkt. No. 88–53, H & AS No. 86–414, OWC No. 39003 (Sept. 28, 1989), *available in* 1989 DC Wrk. Comp. LEXIS 47, at *7 (affirming finding that claimant "had pre-existing allergies which became temporarily symptomatic upon exposure at the workplace, but improved when she was away from the workplace . . . [and] the claimant did not suffer from any continued heightened sensitivity as a result of her exposure at work"). When a claimant, however, suffers a wage loss due to circumstances at the workplace that is not based upon a pre-existing condition and cannot return to either her prior employment or employment commensurate with her abilities, temporary partial disability benefits may be awarded. *See Greene v. American Red Cross,* OHA No. 97–411C, OWC No. 532972 (Sept. 27, 2001), *available in* 2001 DC Wrk. Comp. LEXIS 174.

In the instant case, the medical evidence established that claimant's condition arose out of and is causally related to her employment. When an allergy develops for the first time at the workplace, it is identical to any other work-related injury. Claimant did not have the condition prior to her employment with petitioner and the condition goes away when she stops working for petitioner in the printing operation. Claimant's case is, therefore, distinguishable from the circumstances in the *Roberson; Smith; Cotton,* and *Barran* cases cited by petitioner where the claimants either had the condition when they became

---

**2.** Previously codified as D.C.Code § 36– 301(12) (Repl.1997).

employed or were unable to establish a causal relation between the condition and the workplace.[3] Both claimant's treating physician and the independent medical examiner opined that she developed an allergic condition due to exposure to chemicals at the workplace, and that she should not return to such an environment. While it is true that claimant does not physically exhibit symptoms when away from her prior workplace, the symptoms always have reoccurred when she returned to work. Because her condition is related to her employment, and she can neither return to her prior employment nor earn as much income as she did, she has suffered and continues to suffer from a disability. Petitioner has failed to find alternative suitable employment. *See Washington Post, supra,* 675 A.2d at 41. The Director's decision, therefore, is reasonable and was based on substantial evidence in the record.

Accordingly, we affirm the Director's decision.

---

**3.** Our analysis would be different, of course, if claimant already had an allergy to chloracetamide prior to working for petitioner. Under those facts, she would be deemed to be disabled only so long as the disabling symptoms appear. Furthermore, we recognize that a work-related exposure could aggravate and therefore make more sensitive a pre-existing allergy, possibly preventing a claimant from returning to her prior condition. This situation is beyond the scope of our facts and we do not address it.